IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ANTHONY J. PHILLIPS, #61032-053**            **PLAINTIFF**

**VERSUS**            **CIVIL ACTION NO. 5:05cv164DCB-JCS**

**UNITED STATES OF AMERICA**            **DEFENDANT**

<u>OPINION and ORDER</u>

On August 26, 2005, this cause was transferred from the Middle District of Florida and filed in this Court as a prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983. Upon filing this cause, the plaintiff failed to pay the filing fee or to submit a completed application for proceeding <u>in forma pauperis</u> status.

On September 12, 2005, this Court entered two orders in this action. One order [2-1] advised the plaintiff about the Prison Litigation Reform Act and directed the plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit. If the plaintiff did not wish to continue with this lawsuit, plaintiff was directed to sign and return to this Court a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The second order [3-1] entered on September 12, 2005, directed the plaintiff to file a completed application to proceed <u>in forma pauperis</u>, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts, or to file an affidavit specifically stating the name of the prison official contacted concerning the certificate and why this information is not provided to this Court. The plaintiff was warned in both of these orders that if he failed to comply in a timely manner this case might be dismissed. The plaintiff has failed to comply with both of these orders.

On November 14, 2005, the plaintiff was ordered to show cause in writing, within fifteen

days, as to why this case should not be dismissed for his failure to comply with this Court's September 12, 2005, orders. The plaintiff was warned in the November 14, 2005, order that if he did not comply with the order his case would be dismissed without prejudice and without further notice to him.  Although more than thirty days have passed since the entry of that order, the plaintiff failed to comply.

 It is apparent from the plaintiff's failure to communicate with this Court and his failure to comply with three Court orders that he lacks interest in pursuing this claim.  This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the   9th    day of January, 2006.


                     s/ David Bramlette
                     UNITED STATES DISTRICT JUDGE